**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4489-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HARPAL SINGH,

    Defendant-Appellant.

_____

> Submitted November 16, 2020 – Decided December 3, 2020
>
> Before Judges Rothstadt and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 11-06-0923.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).
>
> Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Following a jury trial, defendant was convicted of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a); first-degree felony murder, N.J.S.A. 2C:11-3A(3); first-degree robbery, N.J.S.A. 2C:15-1; second-degree aggravated arson, N.J.S.A. 2C:17-1A; and third-degree hindering an investigation, N.J.S.A. 2C:29-3B(4). On December 23, 2013, the trial court sentenced defendant to an aggregate term of life in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal and argued that the trial court impermissibly excluded testimony, deprived him of a fair trial by permitting the State to enter graphic photographs of the victim, committed reversible error by instructing the jury that defendant's flight could be indicative of guilt, and that cumulative errors denied him a fair trial. Defendant also challenged his sentence as being excessive, unduly punitive, and not in accord with New Jersey's sentencing guidelines. In a supplemental brief, he also argued that he was denied his Sixth Amendment right because of the ineffective assistance of counsel (IAC).

A-4489-18T2

In an unpublished opinion, we "declin[ed] to address defendant's . . . argument about [IAC], without prejudice to his right to raise that claim in a petition for [PCR]," rejected each of defendant's other arguments, and affirmed his convictions and sentence. State v. Singh, No. A-3203-13 (App. Div. Jan. 23, 2017) (slip op. at 3–10). On September 6, 2017, the New Jersey Supreme Court denied defendant's petition for certification. State v. Singh, 230 N.J. 560 (2017).

The facts underlying defendant's conviction were set forth in our prior opinion and need not be repeated here. Singh, slip op. at 4–5. It is sufficient to state that defendant was acquainted with the victim, went to the victim's home, robbed her of her jewelry, killed her, and set the home on fire. Ibid.

Defendant filed a PCR petition on June 15, 2018 claiming IAC. In his pro se petition, defendant raised issues about unidentified "newly discover[ed] evidence," his wife testifying against him and being transported to court by the State, and IAC "during motions at trial." In a brief filed on his behalf, defendant argued that his trial counsel was ineffective because he failed to conduct a proper investigation and did not prepare for trial.

As to the lack of investigation, defendant argued that "on numerous occasions, [he] suggested that trial counsel undertake some investigation in this case" and that "counsel was deficient and ineffective when he did not conduct

adequate investigation of the facts and circumstances of the case rather he relied solely on his trial abilities to raise reasonable doubt with the jury." According to defendant, trial counsel "failed to investigate, failed to argue and failed to present to the court the issues in such [a] way as to effectively and properly represent him." He also contended that there was a "reasonable probability" that his argument trial counsel's deficient performance affected the outcome of his trial was "at least as plausible" as the defendant's allegations in State v. Preciose, 129 N.J. 451 (1992). Finally, defendant argued that he was entitled to an evidentiary hearing because "it [was] imperative in this PCR to complete the record and have [defendant] and counsel testify as to why trial attorney did not investigate this case and how that affected the outcome."

On April 8, 2019, Judge Diane Pincus considered counsels' oral arguments on defendant's petition. At the hearing, PCR counsel argued that there were "certain investigations" that trial counsel should have conducted but did not conduct. He argued that an evidentiary hearing where defendant and his trial counsel would "take the stand and articulate what occurred, what [defendant] wanted to occur, what didn't happen, and perhaps why [trial counsel] didn't do that," was necessary to "resolve the issues" raised by defendant. In opposition,

the State argued that defendant did not meet the two-prong standard set forth under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

On April 10, 2019, the judge issued a written decision denying the petition without an evidentiary hearing. Judge Pincus rejected defendant's argument that his trial counsel was constitutionally ineffective and found that to the contrary, his counsel "pursued a vigorous defense." Specifically, trial counsel stressed the lack of forensic evidence linking defendant to the crime, aggressively cross-examined the State's witnesses, and suggested other suspects could be responsible, including the victim's husband and son. As to the victim's husband, defendant's trial counsel "attempted to proffer expert testimony regarding the cultural phenomenon of dowry murders in India, which trial counsel argued provided a motive for the victim's husband to murder her," although the judge denied admission of the testimony. As to the victim's son, trial counsel highlighted the son's lies to his mother on the day of the murder and a potential "blow up" between the two.

As to defendant's argument that trial counsel failed to conduct an investigation, the judge explained that trial counsel conducted "an independent investigation . . . with the assistance of a private investigator, and zealously defended [defendant]." The judge found that trial counsel was "prepared and

well versed" in the facts. The judge concluded defendant failed to satisfy the first prong of Strickland because he did not show that "trial counsel's performance was so deficient that he was not functioning in a way guaranteed by the Sixth Amendment."

Moreover, as to Strickland's second prong, the judge found that defendant failed to allege "any facts or evidence that a more thorough investigation would have revealed," and also failed to "specif[y] how such an investigation would have affected the result of the trial." She characterized his allegations as "bald assertions" of IAC and concluded that he failed to satisfy the second prong of Strickland. According to Judge Pincus, "[defendant] ha[d] not shown that had trial counsel conducted a more extensive investigation, the result of the proceeding would have been different." She then concluded defendant "failed to show a prima facie case that he was denied effective assistance of counsel." This appeal followed.

On appeal, defendant presents the following issues for our consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE

6

A-4489-18T2

RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF [IAC], EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].

B. TRIAL COUNSEL RENDERED INEFFECTIVE LEGAL REPRESENTATION BY VIRTUE OF HIS FAILURE TO THOROUGHLY INVESTIGATE ALL POSSIBLE DEFENSES AND TO ADEQUATELY PREPARE FOR TRIAL.

C. DEFENDANT IS ENTITLED TO A REMAND TO THE TRIAL COURT TO AFFORD HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

We are not persuaded by defendant's arguments. We affirm substantially for the reasons expressed by Judge Pincus in her thorough written decision.

To establish a PCR claim of IAC, a defendant must satisfy the two-pronged test formulated in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Second, the defendant must then prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687,

691–92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant is only entitled to an evidentiary hearing when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting Preciose, 129 N.J. at 463).

"[I]n order to establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. A defendant must allege specific facts sufficient to support a prima facie claim. Ibid. The relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.; see also R. 3:22-10(c); State v. Jones, 219 N.J. 298, 312 (2014).

Here, defendant did not present a prima facie case of IAC to support his petition and was therefore not entitled to an evidentiary hearing. First, defendant did not meet the first prong because he did not demonstrate that his trial

counsel's performance was deficient. On appeal, he argues that he was denied effective assistance of counsel because his trial counsel failed to conduct a thorough investigation into the facts and circumstances of the case. However, defendant never specified which facts and circumstances should have been investigated, what trial counsel should have done a better job of investigating, or what could have been discovered through further investigation and how that would have affected the outcome of the trial.

Defendant's arguments are also belied by the record. As highlighted by Judge Pincus, defendant's trial counsel investigated the case and worked with a private investigator. Using information from the investigator, trial counsel also proposed other suspects to the jury, namely the victim's husband and son. Trial counsel investigated the incriminating surveillance video and highlighted that the victim's son was also driving in the neighborhood at the time of the crime. Moreover, trial counsel attempted to present testimony from the investigator regarding "dowry murders," albeit unsuccessfully, that allegedly would have demonstrated that the victim's husband had a motive. Additionally, trial counsel highlighted lies the victim's son told her the day of the murder to cast doubt on defendant's guilt.

Under these circumstances, defendant did not establish that counsel was deficient as required by <u>Strickland's</u> first prong. Moreover, without specifically identifying what more counsel could have done, defendant could not establish the prejudice required by <u>Strickland's</u> second prong. Defendant's arguments to the contrary were supported only by "bald assertions," of IAC, which are not sufficient to establish a prima facie claim as required for an evidentiary hearing. Accordingly, Judge Pincus correctly concluded that an evidentiary hearing was not warranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4489-18T2